THIRD DEPARTMENT, FEBRUARY, 1988

(February 2, 1988)

■ In the Matter of ABRAM F. MOLYNEAUX, an Attorney, Respondent. COMMITTEE ON PROFESSIONAL STANDARDS FOR THE THIRD JUDICIAL DEPARTMENT, Petitioner.—Per Curiam. Petitioner Committee on Professional Standards commenced this

disciplinary proceeding against respondent charging him with four counts of professional misconduct. The charges arise out of respondent's involvement with the estate of Zellah W. Pike and the John Pike Watercolor School, Inc., the latter being a closely held corporation principally owned by the estate and located in the Town of Woodstock, Ulster County.

At the time of the misconduct charged, respondent, who was admitted to the Bar by this court in 1950, maintained a law office in the City of Kingston.

Charge I of the petition alleges that respondent, the executor and attorney for the Pike estate, failed to collect and/or deposit various payments due the estate and failed to timely redeem certain shares of stocks with the result that interest was lost to the estate. Charge II alleges that respondent, as executor, paid legal fees of $11,500 to himself without court approval. Charge III relates that respondent became involved in a conflict of interest situation by making payments to himself totaling nearly $19,000 as attorney for the John Pike Watercolor School Inc., while he was executor of the estate and an officer of the corporation. This charge also alleges that respondent discharged a long-term employee of the corporation and replaced her with a business owned ostensibly by his legal secretary. Finally, charge IV avers that respondent failed to maintain complete records of all funds of the Pike estate, failed to render appropriate accounts and converted funds belonging to the estate and/or corporation.

Although respondent, who is represented by counsel, filed an answer to the petition wherein he denied the charges, he failed to respond to a notice to admit served upon him by petitioner which detailed various instances in which respondent had mismanaged the affairs and converted or failed to account for the funds of the estate and corporation. Accordingly, the statements contained in the notice are deemed admitted (CPLR 3123 [a]).

Based upon the pleadings, the notice to admit and other items of documentary evidence, petitioner moved, pursuant to 22 NYCRR 806.5, for an order declaring that no factual issues were presented and fixing a date on which respondent could be heard in mitigation or otherwise. Respondent did not oppose this motion but, through counsel, requested an opportunity to address the court prior to the imposition of discipline. Petitioner's motion was granted and, on January 6, both petitioner's attorney and respondent's attorney were heard by the court on the issue of mitigation.

It is clear from the record before this court that respondent is guilty of serious misconduct with regard to the affairs of the estate of Zellah W. Pike and the John Pike Watercolor School, Inc. The evidence establishes that respondent violated his fiduciary responsibility to the estate by failing to collect and safeguard its assets and by paying himself substantial attorney's fees without court approval. Similarly, with respect to the corporation, respondent again extracted additional substantial amounts for legal services at a time when he served as executor of the estate and as an officer of the corporation. It also appears that although checks totaling some $34,000 were drawn on the accounts of the estate and corporation made payable to respondent as executor, these funds were never deposited to the estate account and respondent has failed to explain the disbursements of these sums. With regard to the estate defalcations, we note that a proceeding was brought in the Ulster County Surrogate's Court by the beneficiaries of the Pike estate objecting to the accounting filed by respondent in his capacity of executor. Following a hearing, the matter was settled by respondent's payment of $60,000 to the estate.

We have also considered respondent's attorney's plea in mitigation which establishes that respondent has heretofore had an unblemished record as an attorney and, as a result of a stroke suffered in 1985, is currently suffering from multiple medical problems including cardiomyopathy and atrial fibrillation. Counsel also advises that respondent has closed his office and, by reason of his failing health, does not intend to resume the practice of law. Finally, counsel emphasizes that respondent has settled all monetary claims made against him as a result of the misconduct charged in the petition.

In view of the foregoing, and giving due regard to the necessity for protection of the public and deterrence of similar misconduct, it is determined that respondent should be suspended from the practice of law for a period of five years.

Respondent suspended for five years, effective immediately. Mahoney, P. J., Casey, Yesawich, Jr., and Harvey, JJ., concur.